UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTI M.B., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CV-484-JED-JFJ ) |
| ANDREW M. SAUL[1], Commissioner of the Social Security Administration, | ) ) ) |
|     Defendant. | ) ) |

**OPINION AND ORDER**

This Social Security case comes before the Court on the Report and Recommendation (R&R) (Doc. 17) of United States Magistrate Judge Jodi F. Jayne, who recommends the Court affirm the Commissioner's decision to deny disability insurance benefits to Plaintiff Kristi M.B.

**I.    STANDARD OF REVIEW**

In reviewing a magistrate judge's recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court must determine "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

---

1.    Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

## II. BACKGROUND AND ALJ DECISION

Plaintiff, who was 35 when she applied for Title II disability insurance benefits, claims disability as of August 31, 2015, (R. 84, 243–44), due to numerous conditions, including fibromyalgia, degenerative disc disease, bilateral plantar fasciitis, migraines, chronic bilateral ankle strain, bilateral patellofemoral pain syndrome, thoracolumbar spine strain, reversed cervical curve, carpal tunnel, and arthritis. (R. 273). Her date last insured was September 30, 2015. (R. 17).

In the decision now under review,[2] the ALJ ultimately found Plaintiff was not disabled because she had the "residual functional capacity" (RFC) to perform work variety of jobs existing in substantial numbers in the national economy. (R. 15–24). In reaching this decision, the ALJ followed the required five-step sequential analysis. *See Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (setting forth five steps in detail). At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the contested period, August 31, 2015, to September 30, 2015. (R. 17). At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease and obesity. *Id.* He found that Plaintiff's impairments of fibromyalgia, bilateral ankle arthralgia, urinary incontinence, vitamin D deficiency, type 2 diabetes, insomnia, headaches, and intermittent abdominal pain/nausea were all controlled or treated conservatively with medication and were therefore non-severe. (R. 18). At step three, the ALJ found that Plaintiff had no

---

[2] The ALJ initially issued a decision based on a hearing that Plaintiff did not attend, (R. 84–90), but the Appeals Council remanded the case for further development of the record, finding that the ALJ had not properly established that Plaintiff had waived her right to appear at the hearing. (R. 96–97).

impairment or combination of impairments that was of severe enough to be equivalent to a listing-level impairment. *Id.*

At step four, the ALJ concluded that Plaintiff had the RFC to perform a range of light work as follows: "[S]he can lift 20 pounds occasionally and 10 pounds frequently; is able to sit, stand or walk 6 hours out of an 8-hour day; occasionally climbing stairs, balance, bend, stoop, kneel, crouch and crawl; and is unable to climb ladders, ropes or scaffolds." (R. 18). The ALJ further determined that Plaintiff was unable to perform past relevant work. (R. 22–23). At step five, based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform other light-exertion work, such as Office Helper, Small Products Assembler, and Electrical Accessories Assembler—positions that existed in significant numbers in the national economy. (R. 23–24). Accordingly, the ALJ concluded Plaintiff was not disabled.

## III. DISCUSSION

Plaintiff raised four points of error in her Opening Brief: (1) that "[t]he ALJ failed to properly consider Claimant's service-connected [Veterans Affairs] disability"; (2) that "[t]he ALJ's decision is fatally flawed because he failed to include the effects of all Claimant's impairments in the hypothetical question to the VE and in the RFC assessment"; (3) that "[t]he ALJ failed to perform a proper consistency or credibility determination"; and (4) that "[t]he ALJ failed to properly consider, discuss and account for Claimant's obesity." (Doc. 17 at 3). Plaintiff's Objection reiterates these arguments. (Doc. 24).

### A.  Veterans Affairs Disability

In her Opening Brief, Plaintiff argued that the ALJ failed to properly consider the disability determination by the Department of Veterans Affairs (the VA). (Doc. 17 at 3–7). The VA rated her disability at 70 percent, to be paid at the 100 percent rate because the VA considered her to be "totally and permanently disabled" as of December 7, 2015. (*See* R. 21, citing R. 270–71, 336–37, 464–70). The ALJ, however, gave "little weight" to this determination, primarily because he found the VA's disability rating inconsistent with objective medical evidence during the period at issue. (R. 21).

The Court finds that the ALJ's decision to give little weight to the VA determination was reasonable. The Commissioner is not bound by the disability finding of another administrative agency. 20 C.F.R. § 404.1504; *see also Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) ("Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered."). When an ALJ declines to follow another agency's determination, the ALJ must explain why she did not find it persuasive. *Green v. Comm'r, Soc. Sec. Admin.*, 734 F. App'x 600, 603 (10th Cir. 2018). Here, contrary to Plaintiff's assertion that the ALJ gave only cursory consideration of the VA's determination, the ALJ detailed those elements of the record he found to be inconsistent with the VA's determination of disability. Various records showed medical notes and self-reported symptoms at odds with the VA's determination. (R. 20–21). Moreover, as Judge Jayne notes, (*see* Doc. 23 at 6), Plaintiff has not challenged the ALJ's finding that the VA rating was inconsistent with the objective and opinion evidence

in the record with respect to the period in question. This alone is sufficient reason to uphold the ALJ's decision.

In a subsidiary argument, Plaintiff contends that the ALJ should have ordered a consultative examination in order to resolve any inconsistency between the VA's determination and the available medical records. (Doc. 17 at 5; Doc. 24 at 3). However, as Judge Jayne explains, an ALJ has "broad latitude in ordering consultative examinations." (Doc. 23 at 8, citing *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997)). And an ALJ is ordinarily entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored. (*Id.*, citing *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). Here, Plaintiff was represented by counsel but did not challenge the sufficiency of the record at that time. Under the circumstances, the Court finds that the ALJ did not abuse his discretion in not ordering a consultative examination.

### B.     RFC Assessment

Plaintiff contends that the ALJ failed to consider the pain and fatigue caused by her severe and non-severe impairments. (Doc. 17 at 7–9). As a result, Plaintiff argues, the ALJ posed an insufficient hypothetical to the vocational expert who testified at the hearing.

In evaluating a claimant's symptoms, an ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence. SSR 16-3p, 2016 WL 1119029, at *7. Here, the ALJ stated that he found Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the

5

medical evidence and other evidence in the record." (R. 20). The ALJ then cited a number of medical records suggesting that her impairments were not as limiting as she suggested. Plaintiff, meanwhile, points to no records, other than her own subjective statements, to support any mental or physical limitations beyond those incorporated into the RFC.

The ALJ's discussion of Plaintiff's pain was sufficient. In evaluating whether a claimant's alleged pain is disabling, an ALJ should consider a claimant's persistent attempts to find relief for her pain and her willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, the possibility that psychological disorders combine with physical problems, the claimant's daily activities, and the dosage, effectiveness, and side effects of medication. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012). Although the ALJ in this case did not enumerate each of these factors, he clearly spelled out his reasoning and the evidence on which he relied. As Judge Jayne points out, "[a]s long as the ALJ sets forth the specific evidence he relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ 'need not make a formalistic factor-by-factor recitation of the evidence.'" (Doc. 23 at 10, citing *Keyes-Zachary*, 695 F.3d at 1167). Thus, the ALJ adequately discussed the Plaintiff's alleged limitations in reaching his RFC finding. Because the ALJ's RFC finding is supported by substantial evidence, Plaintiff's argument that the ALJ's hypothetical was insufficient necessarily fails.

### C. Consistency

In an extension of her argument that the ALJ failed to properly address limitations caused by her pain and fatigue, Plaintiff argues that the ALJ's consistency analysis was

flawed because he cherry picked records from the contested period in order to justify his conclusion. (*See* Doc. 17 at 10–11). This argument is without merit. Plaintiff alleges disability as of August 31, 2015. Accordingly, it was entirely appropriate for the ALJ to compare her allegations to findings from the relevant period. Moreover, the ALJ did not pick out one or two unfavorable medical records from a sea of favorable records. He cited multiple medical records, which Judge Jayne summarizes in her R&R, that conflicted with Plaintiff's allegations. (*See* Doc. 23 at 10–11).

### D. Obesity

Finally, Plaintiff argues that the ALJ failed to properly account for her obesity in reaching his decision. According to Plaintiff, the ALJ should have included obesity-related limitations in his RFC finding. (Doc. 17 at 11–13). Again, the argument has no merit.

As Judge Jayne explains in her R&R, the ALJ did discuss obesity. At step two, he found obesity to be a severe impairment. (R. 17). At step three, he stated that he considered obesity as required under SSR 02-01p, 2000 WL 628049, individually and in combination with her other impairment, but that her impairments did not meet listing-level severity. (R. 18). In the RFC discussion, the ALJ noted Plaintiff's obesity but found that "no treating or examining medical source has specifically attributed additional or cumulative limitations to the claimant's obesity nor has the claimant alleged having any limitations as a result of her weight." (R. 21). This accurately reflects the record.

In her Objection, Plaintiff argues that, because her obesity was a severe impairment, the ALJ was required to include a detailed analysis of the limitations caused by her obesity at step four. (*See* Doc. 24 at 5). In this case, treating physicians noted that her weight was

7

exacerbating her back pain and diabetes issues, but they made no mention of any additional functional limitations resulting from her obesity. With nothing in the record on which to base specific, obesity-related limitations, it is unclear what more the ALJ was supposed to have done. In effect, Plaintiff argues that the ALJ should have speculated about the additional limitations her obesity may have caused her. This is not permitted. *See* SSR 02-1p 2002 WL 34686281, at *6 ("[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments. . . . We will evaluate each case based on the information in the case record."); *Fagan v. Astrue*, 231 F. App'x 835, 837–38 (10th Cir. 2007). In short, the ALJ did what was required in addressing Plaintiff's obesity.

**IV    CONCLUSION**

For the foregoing reasons, Plaintiff's Objection (Doc. 24) is overruled. The Court **accepts** the R&R (Doc. 23) and the recommendation that the Commissioner's decision be affirmed. The Commissioner's decision is **affirmed**. A separate Judgment will be entered forthwith.

SO ORDERED this 16th day of September, 2020.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT